**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 01, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: July 01, 2010**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-14900 |
| | ) | |
| DAVID CLEARY JR., | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | Adversary Proceeding |
| LAUREN HELBLING, | ) | No. 09-1285 |
| TRUSTEE, | ) | |
|     Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID CLEARY JR., *et al.*, | ) | |
|     Defendants. | ) | |
| | ) | |

### MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the motion for partial summary judgment filed by the plaintiff-trustee, Lauren Helbling, and the joint brief in opposition of Carrington Mortgage and Deutsche Bank National Trust Company

---

[1] This Memorandum of Opinion is not intended for official publication.

("Deutsche Bank"). The main issue is whether the trustee is entitled to avoid a mortgage because the notary's certificate of acknowledgment failed to recite the names of the parties whose signatures were acknowledged. The Court must also decide whether the filing of one or both foreclosure actions imparted the trustee with constructive notice resulting in inability to act as a bona fide purchaser for value. If the trustee is charged with constructive notice, then the Court must consider whether the second foreclosure action was an avoidable preference. For the reasons that follow, the Court holds that the Mortgage was not executed in accordance with Ohio's statutory requirements but that the trustee is charged with constructive notice of the interest of Deutsche Bank as a result of the filing of the second foreclosure action. However, the filing of the second foreclosure acted to perfect the defective mortgage as against third persons, and it is a preferential transfer. As such, the Mortgage can be avoided by the trustee as a preference. Accordingly, the trustee's motion for partial summary judgment is granted.

FACTS AND PROCEDURAL BACKGROUND

On December 30, 2009, the plaintiff-trustee and defendants Deutsche Bank and Carrington submitted the following stipulations:

1. Jurisdiction of this Court is proper and as set forth in Paragraph 1 of the complaint.

2. This is a core proceeding as set forth in Paragraph 2 of the Complaint.

3. Plaintiff is the duly appointed, qualified and acting Trustee of the estate of the debtor.

4. A legal description for property known as 4155 West 114th Street, Cleveland, OH is shown as Exhibit A to the Complaint ("Property").

5. The petition in this case was filed on May 31, 2009.

6. The Debtor's interest in the Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

7. The Debtor is the owner, in fee simple of the Property, by virtue of a General Warranty Deed filed in Instrument No. 200302030753 of the records of Cuyahoga County, Ohio on February 3, 2003.

8. Deutsche Bank National Trust Company ("Deutsche") is the holder of a mortgage on the Property (the "Mortgage"), which Mortgage is at issue in this proceeding.

9. The Mortgage was filed on May 5, 2004, as Instrument No. 200405050625 in the records of Cuyahoga County, Ohio.

10. A true and exact copy of the Mortgage is attached to the Complaint as Exhibit B.

11. The original mortgagee under the Mortgage is New Century Mortgage Corporation. The Mortgage was assigned to Deutsche of record by assignment filed December 16, 2008 as Instrument No. 200812160236, Cuyahoga County Records.

12. The acknowledgment provision of the Mortgage on page 15 reads as follows:

This instrument was acknowledged before me this *30th* day of *April 2004*, by

Stamp   JERRY RUSSO
        Notary Public
        In and for the State of Ohio
        My Commission Expires
        May 19, 2008
                                    /s/ Jerry Russo
                                    Notary Public

13. Debtor's initials appear at the bottom of Mortgage pages 1 through 13, and page 15 and page 17.

14. A foreclosure action was filed as to the subject property in Case No. 663230 of the Cuyahoga County, Ohio Common Pleas Court on June 25, 2008 by Deutsche. The property was described in the foreclosure Complaint. The debtor answered in that case on September 25, 2008. The case was dismissed

without prejudice on October 30, 2008.

15. A foreclosure action was filed as to the subject property in Case No. 694194 of the Cuyahoga County, Ohio Common Pleas Court on May 28, 2009 by Aeon Financial. The property was described in the foreclosure Complaint. The debtor filed a Notice of Suggestion of Stay on June 15, 2009. The Court entered an Order staying the case on June 19, 2009. The case was dismissed without prejudice on August 5, 2009.

On August 28, 2009, the trustee of the Chapter 7 estate initiated this adversary proceeding seeking to avoid the Mortgage and to determine the respective interests of various parties in the real property. The complaint named as defendants the debtor; Carrington Mortgage; CitiFinancial Inc.; Aeon Financial, LLC; Beneficial Ohio, Inc.; TFC National Bank; Deutsche Bank National Trust Company; and the Cuyahoga County Treasurer. The treasurer, Citifinancial, David Cleary, Aeon Financial, TFC National Bank, and Carrington/Deutsche Bank filed answers to the complaint. Aeon Financial and TFC National Bank disclaimed any interest, and all parties stipulated that the Cuyahoga County Treasurer has a first lien for taxes and assessments. Default was entered against Beneficial Ohio on March 24, 2010. On January 13, 2010, the trustee filed a motion for partial

5

summary judgment seeking to avoid the Mortgage held by Deutsche Bank.  On February 3, 2010, Deutsche Bank filed a brief in response.  Briefing on the trustee's partial motion for summary judgment is complete, and the Court is ready to rule.

JURISDICTION

Determinations of the validity, extent, or priority of liens are core proceedings under 28 U.S.C. section 157(b)(2)(K).  The Court has jurisdiction over core proceedings under 28 U.S.C. sections 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a

matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). The Court shall view all evidence in a light most favorable to the nonmoving party when determining the existence or nonexistence of a material fact. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

Under the "strong arm" clause of the Bankruptcy Code, the bankruptcy trustee has the power to avoid transfers that would be avoidable by certain hypothetical parties. *See* 11 U.S.C. § 544(a). Section 544 provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any

7

> obligation incurred by the debtor that is voidable by –
>
> . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544. Any transfer under section 544 is preserved for the benefit of the estate. *See* 11 U.S.C. § 551.

Page 10 of the Mortgage provides that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." Accordingly, because the real property in question is located in Ohio, the Court will apply Ohio law to determine whether the trustee may avoid the Mortgage using the "strong arm" clause. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001) (applicable state law governs determination whether hypothetical bona fide purchaser can avoid mortgage).

Under Ohio law, a bona fide purchaser is a purchaser who " 'takes in good faith, for value, and without actual or constructive knowledge of any defect.' " *Stubbins v. Am. Gen. Fin. Servs. (In re Easter)*, 367 B.R. 608, 612 (Bankr. S.D. Ohio 2007) (quoting *Terlecky v. Beneficial Ohio, Inc. (In re Key)*,

8

292 B.R. 879, 883 (Bankr. S.D. Ohio 2003)); *see also Shaker Corlett Land Co. v. Cleveland*, 139 Ohio St. 536 (1942). The Bankruptcy Code expressly provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge. *See In re Zaptocky*, 250 F.3d at 1027 ("actual knowledge does not undermine [trustee's] right to avoid a prior defectively executed mortgage"). Because actual knowledge does not affect the trustee's strong-arm power, contrary to the assertions made by the defendants, the Court need only determine whether the trustee had constructive knowledge of the prior interest held by Deutsche Bank.

Ohio law provides that "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *In re Zaptocky*, 250 F.3d at 1028. Ohio courts have refused to allow a recorded mortgage to give constructive notice when the mortgage has been executed in violation of a statute. *See In re Nowak*, 104 Ohio St. 3d 466, 469 (2004) (listing cases). The first question, then, is whether the Mortgage was executed in compliance with, or substantially conforms to applicable statutory law.

*The Mortgage Was Not Properly Executed
in Accordance with Ohio Revised Code § 5301.01*

Ohio Revised Code § 5301.01, requires four separate acts to properly execute a mortgage: (1) the mortgage shall be signed by the mortgagor; (2) the

9

mortgagor shall acknowledge his signing in front of a notary public, or other qualified official; (3) the official shall certify the acknowledgment; and (4) the official shall subscribe his name to the certificate of acknowledgment. Ohio Rev. Code § 5301.01(A) (2004); *see Drown v. GreenPoint Mortgage Funding, Inc. (In re Leahy)*, 376 B.R. 826, 832 (Bankr. S.D. Ohio 2007) (listing four requirements provided by Ohio Rev. Code. § 5301.01).[2] The first issue in this case is whether the certificate of acknowledgment, which omitted the name of the borrower, satisfies the third requirement to proper execution of a mortgage.

Certification of an acknowledgment is governed by Ohio Revised Code sections 147.53-147.58. Ohio Revised Code section 147.53 provides:

> The person taking an acknowledgment shall certify that:
>
> (A) The person acknowledging appeared before him and acknowledged he executed the instrument;
>
> (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had

---

[2] In *Zaptocky*, the Sixth Circuit identified "three major prerequisites for the proper execution of a mortgage: (1) the mortgagor must sign the mortgage deed; (2) the mortgagor's signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public." *Zaptocky*, 250 F.3d at 1024. The differences between *Zaptocky's* three requirements and *Leahy's* four requirements are (A) the deletion in *Leahy* of *Zaptocky's* second requirement – attestation by two witnesses – due to a change in the statute, and (B) the *Leahy* court's breaking down of *Zaptocky's* third requirement – certification of acknowledgment – into three separate parts.

10

satisfactory evidence that the person acknowledging was the person
described in and who executed the instrument.

The Ohio Revised Code further provides that a certificate of acknowledgment is acceptable in Ohio if it is in a form prescribed by the laws or regulations of Ohio or contains the words "acknowledged before me," or their substantial equivalent. Ohio Rev. Code § 147.54. Ohio's statutory short form acknowledgment for an individual is as follows:

> State of _____
>
> County of _____
>
> The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged.)
>
> (Signature of person taking acknowledgment)
> (Title or rank) (Serial number, if any)

Ohio Rev. Code § 147.55(A).

The trustee argues that the Mortgage is invalid because the certification of acknowledgment fails to indicate or recite who appeared before the notary public as required by Ohio law. The Court agrees. Recent case law, including a 2008 decision from the Sixth Circuit BAP, supports the trustee's position that an acknowledgment is defective if it fails to identify the person whose signature is being acknowledged. See *In re Nolan*, 383 B.R. 391, 396 (6th Cir. B.A.P. 2008);

11

*In re Sauer*, 417 B.R. 523, (Bankr. S.D. Ohio 2009); *Daneman v. Nat'l City Mortg. Co. (In re Cornelius)*, 408 B.R. 704, 708 (Bankr. S.D. Ohio 2009) ("The absence of the name of the mortgagee acknowledging election is the functional equivalent of no certificate of acknowledgment and renders an acknowledgment insufficient."); *Drown v. Countrywide Home Loans, Inc. (In re Peed)*, 403 B.R. 525, 531 (Bankr. S.D. Ohio 2009) *affirmed* at No. 2:09cv347 (S.D. Ohio May 1, 2009); *Terlecky v. Countrywide Home Loans, Inc. (In re Baruch)*, No. 07-57212, Adv. No. 08-2069, 2009 Bankr. Lexis 608 at *22 (Bankr. S.D. Ohio Feb. 23, 2009) ("An acknowledgment clause containing nothing relative to the mortgagor's identity is insufficient; rather, an acknowledgment clause must either identify the mortgagor by name or contain information that permits the mortgagor to be identified by reference to the mortgage."); *In re Leahy*, 376 B.R. at 832. *See also Smith's Lessee v. Hunt*, 13 Ohio 260, 269 (1844) (holding that court was unable to infer name of grantor when acknowledgment was blank as to the grantor and, thus, the mortgage was defective and did not convey title).

The holdings in *Nolan*, *Smith's Lessee*, and similar cases are also supported by case law interpreting almost identical statutory provisions for acknowledgment clauses in Kentucky and Tennessee. *See, e.g., Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004) (affirming bankruptcy court's decision avoiding deed of trust under section 544 and Tennessee law when deed of trust

12

omitted names of acknowledging parties); *Select Portfolio Servs. v. Burden (In re Trujillo)*, 378 B.R. 526 (6th Cir. B.A.P. 2007) (affirming bankruptcy court's decision avoiding mortgage under section 544 and Kentucky law when debtor was not named or identified in certificate of acknowledgment).

Although no argument was made, the execution of the Mortgage does not "substantially comply" with the statutory requirements. When the validity of a mortgage is challenged for failure to comply with the statutory mandates of Ohio Revised Code section 5301.01, a court can "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.' " *Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr. S.D. Ohio 2004) (quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 176 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with section 5301.01. *See In re Fryman*, 314 B.R. at 138. Under Ohio law, a mortgage that substantially complies with section 5301.01 will be considered valid. *See Drown v. EverHome Mortg. Co. (In re Andrews)*, 404 B.R. 275, 279 (Bankr. S.D. Ohio 2008) (citing *Mid-American Nat'l Bank & Trust*, 451 N.E.2d 1243, 1245-46 ) (Ohio Ct. App. 1982)).

Nothing in the present case provides evidence of substantial compliance with section 5301.01. *See In re Peed*, 403 B.R. at 536 (presence of initials on

13

each page of mortgage, including acknowledgment clause page, did not substantially comply with requirement that acknowledgment clause identify person whose signature is being acknowledged); *accord Bank of America N.A. v. Corzin, (In re Bergman)*, 2010 U.S. Dist. LEXIS 8755 Case No. 5:09cv2520 (N.D. Ohio Feb. 2, 2010) (same), *In re Cornelius*, 408 B.R. at 708 (same); *In re Andrews*, 404 B.R. at 279 (same).  Therefore, the Mortgage was improperly executed because the certification of acknowledgment fails to indicate or recite who appeared before the notary public as required under Ohio Revised Code section 5301.01.

*The Second Foreclosure Action Precludes the Trustee from Avoiding the Mortgage under 11 U.S.C. § 544*

Having found that the Mortgage is defective, the Court must determine whether the trustee is charged with constructive notice of Deutsche Bank's interest as a result of either of the foreclosure actions. This Court finds that the second foreclosure action imparted constructive notice to the trustee, under the rule of *lis pendens*.

The most recent version of Ohio's *lis pendens* statute provides that "[w]hen a complaint is filed, the action is pending so as to charge a third person with notice of its pendency.  While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." Ohio Rev.

14

Code Ann. § 2703.28. Thus, the filing of a foreclosure complaint prior to the date of filing of the bankruptcy petition imparts constructive notice to a bankruptcy trustee of the plaintiff's interest, whatever that might be, in the property. *See Treinish v. Norwest Bank Minn.* (*In re Periandri*), 266 B.R. 651, 659 (6th Cir. BAP 2001).

As to the June 25, 2008, foreclosure, filed by Deutsche Bank, the trustee cannot be charged with constructive notice because the case was not pending at the commencement of the bankruptcy petition on May 31, 2009. The section requires that the case be "pending" in order to charge third parties with notice. Ohio Rev. Code Ann. § 2703.28.

Deutsche Bank asserts that because the second foreclosure action was pending when the case was filed, the trustee was on notice of Deutsche Bank's interest due to the fact it was a defendant and the complaint listed it as holding an interest in the property. This Court agrees. "The Ohio lis pendens statute operates to provide constructive notice of the pendency of a suit concerning specifically described property and with it the knowledge, albeit deemed or imputed, of all claims against the property that might reasonably be discerned from an investigation into the circumstances of the litigation." *In re Periandri*, 266 B.R. at 656. The Ohio Supreme Court has quoted this passage from *Periandri,* holding that *lis pendens* puts a prospective purchaser on notice of any possible claims to

15

the subject property. *See Beneficial Ohio, Inc. v. Ellis*, 121 Ohio St. 3d 89, 92 (Ohio 2009) ("the statute places the burden upon [third persons] to examine the county records to determine whether a lawsuit involving the property is pending . . . . a person who seeks to acquire an interest in property should bear the responsibility for checking county records.") *See also Stern v. Stern*, No. 97 JE 77, 1999 WL 1243316 at *3 fn. 2 (Ohio App. 1999) ("Pursuant to R.C. 2703.26, which is the codification of the doctrine of *lis pendens*, a purchaser is charged with notice of any issues presented in a pending lawsuit which directly concern the property to be purchased.")

The complaint, taken as a whole, provides constructive notice of the interest of Deutsche Bank. The complaint provides in part

> the following named defendants, to wit: David Cleary, Jr., Spouse, if any, of David Cleary Jr., Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-2, Beneficial Ohio, Inc., and James Rokakis, Treasurer of Cuyahoga County, Ohio, have or may claim to have some interest in or lien upon said premises, but Plaintiff, not being fully advised as to the extent, if any, of such liens or claims, says that the same, if any, are inferior and subsequent to the lien of Plaintiff. (See Preliminary Judicial Report, Exhibit C.)

Exhibit C to the Complaint lists Deutsche Bank as an interest holder by way of a second mortgage, in the amount of $104,500. As a result of *lis pendens*, third parties had constructive notice of the interest of Deutsche Bank at the commencement of the bankruptcy case, and therefore the trustee cannot avoid the

16

mortgage pursuant to her strong arm powers. "When any purchaser would have constructive knowledge of the mortgage, the trustee, cannot assume the position of a hypothetical BFP because no such good-faith purchaser can exist." *Argent Mortgage Company, LLC v. Drown (In re Bunn)*, 578 F.3d 487, 489 (6th Cir. 2009).

*The Perfection of Deutsche Bank's Interest by way of Lis Pendens is an Avoidable Preferential Transfer*

A trustee may avoid as a preference any transfer of an interest of the debtor's property that is for the benefit of a creditor, on account of an antecedent debt, made while the debtor was insolvent within 90 days before the filing of a bankruptcy case that allows the creditor to receive more than what it would have received in a typical liquidation. 11 U.S.C. § 547(b). Additionally, "a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1). Thus, this Court must determine whether a "transfer" occurred. The Sixth Circuit BAP has held that *lis pendens* provides constructive notice of a defectively acknowledged mortgage but that because the filing of a notice of *lis pendens* "took place within the preference

period, it is considered a transfer, subject to avoidance as a preference, assuming the other required elements of a preference exist." *Kendrick v. CIT Small Business Lending Corp. (In re Gruseck),* No. 06-8091, 2008 WL 1756243 at *8 (6th Cir. BAP 2008). *See also Hurst Concrete Products Inc. v. Lane* (*In re Lane),* 980 F.2d 601, 604 (9th Cir 1992) (because the recording of the *lis pendens* operated to perfect the filer's interest against bona fide purchasers, the recording was a transfer under § 547(e)(1)(A)). Here, a transfer occurred because the trustee could no longer acquire an interest superior to the interest of Deutsche Bank upon the filing of the foreclosure complaint. The filing of the complaint acted to perfect Deutsche Bank's interest as against third parties (while the suit was pending) such that no bona fide purchaser could exist.

It is undisputed that the bankruptcy was filed on May 31, 2009, and the foreclosure was filed only three days prior on May 28, 2009. Because a transfer of property of the debtor on account of a debt incurred in 2008, took place within the 90 day preference window that allowed Deutsche Bank to receive more than it would have as an unsecured creditor, the transfer is avoidable under 11 U.S.C. § 547.

CONCLUSION

For the reasons stated above, the Court holds that the certificate of acknowledgment in the Mortgage at issue is defective, that the filing of the second foreclosure complaint provided the trustee with constructive notice, and the that trustee may avoid the Mortgage as a preferential transfer. Accordingly, the trustee's motion for partial summary judgment is granted. While it appears that this decision is largely dispositive, the precise interests and relative priorities of all parties have yet to be determined. Therefore, this is not a final judgment for purposes of 28 U.S.C. § 158. *See* Bankr. Rule 7054 and Fed R. Civ. P. 54(b). The Court will conduct a status conference at 1:30 p.m. on July 20, 2010. Counsel shall be prepared to advise the Court as to what additional steps are needed to resolve all remaining claims in this adversary proceeding.

IT IS SO ORDERED.